IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAMSANA MANSARAY,** ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | C.A.No. 1:21-cv-351 |
| ) | |
| **ROBERT WENNER,** ) | District Judge Baxter |
|     Defendant. ) | |

## MEMORANDUM OPINION

### I. Plaintiff's Motion for Leave to Proceed in forma pauperis

Plaintiff has filed a motion seeking leave to proceed in forma pauperis [ECF No. 3] along with a proposed original complaint. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

### II. Standard of Review

Because this Court believes that Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A.  In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

1

### III. Discussion and Review of Plaintiff's Filings

Because he is seeking monetary damages for an alleged violation of his constitutional rights, Plaintiff's claims arise pursuant to 42 U.S.C. § 1983. To state such a claim, Plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (internal citation omitted).

As discussed in a previous Order, some of the proposed complaint is illegible and the identity of the Defendant is difficult to decipher. The handwriting as to the name of Defendant is illegible and could be either Robert Kenner or Robert Wenner. The complaint describes Defendant as "the father of Lanie Mansaray and Josiah Mansaray" [*see* ECF No. 1, page 1][1], while the Civil Cover Sheet describes Defendant as the Oil City Police Dept. Former Chief [*see* ECF No. 1-1, page 1].

Furthermore, Plaintiff has failed to supply a factual narrative describing the incident at the heart of his allegations with enough specificity to place any defendant on notice as to the constitutional violations being asserted. Plaintiff alleges:

> On the 23rd of August, 2016, Plaintiff was arrested for child neglect after a conspiracy to deprive me of federally protected rights according to 18 U.S.C. § 2[.] [H]owever, the matter was [illegible] the defendant decided to released (sic) unsubstantiated report to USCIS which went over and above the PA State Police report in a bid to deprived me of my [illegible] which led to my deportation on the 27th April, 2017. Because USCIS exercise their discretionary authority on the bias report of Defendant. And as the primary caregiver to my children I was separated from them, and they were placed in foster care.

---

[1] This Court believes that this is an error as Plaintiff Lamsana Mansaray is identified elsewhere as the father of Lanie and Josiah Mansaray.

2

ECF No. 1, page 2. Plaintiff further claims that he was jailed for child neglect and then deported to Sierra Leone. To the extent factual allegations are provided, they are do not explain how any individual (in particular the former Oil City Police Chief) violated Plaintiff's constitutional rights. As relief, Plaintiff seeks to have this Court order the "restoring" of his "sons back to [his] custody" as well as $50,000 in damages.

This Court lacks subject matter jurisdiction over Plaintiff's request for the restoration of custody of his sons. Such a matter is within the exclusive jurisdiction of the state courts. *In re Burrus*, 136 U.S. 586, 593-94 (1890) ("the whole subject of the domestic relations of husband and wife, parent and child, belongs to the law of the States and not to the laws of the United States.").[2]

Plaintiff's allegations of conspiracy to violate his constitutional rights fail. Plaintiff has only named one Defendant and one cannot conspire with oneself. *Difronzo v. Chiovero*, 2009 WL 10677787, at *1 (E.D. Pa. 2009), *aff'd*, 406 Fed. App'x 605 (3d Cir. 2011) ("The sine qua non of a conspiracy is an agreement to act in concert."). Moreover, all allegations of conspiracy must be pled with specificity under the Federal Rules of Civil Procedure. *Loftus v. Southeastern Pa. Transp. Authority*, 843 F. Supp. 981, 986–87 (E.D. Pa. 1994) *quoting Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989) ("Under Fed. R. Civ. P. 8(a), '[o]nly allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient .... [A]n inference [of conspiracy] ... from the Complaint ... [is] no

---

[2] Plaintiff's claims may also be barred in this Court by the *Rooker-Feldman* doctrine. However, as pled, the complaint is not specific enough for this Court to make that determination.

3

substitute for the requirement that the circumstances of the conspiracy be pleaded with specificity.'").[3]

Plaintiff has failed to state a claim upon which relief can be granted and this case will be dismissed.

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (32d Cir. 2002). However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.,* 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) *quoting Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008). Because this Court has already afforded Plaintiff the opportunity to file an amended complaint outlining the deficiencies to be cured [*see* ECF No. 4] and because Plaintiff has failed to file an amended complaint, further leave to amend is denied.

An appropriate Order follows this Memorandum Opinion.

---

[3] Plaintiff's claims are also likely time barred by the statute of limitations. While 42 U.S.C. § 1983 does not contain a statute of limitations period, "federal courts must look to the statute of limitations governing analogous state causes of actions." *Urrutia v. Harrisburg County Police Dep't,* 91 F.3d 451, 457 n. 9 (3d Cir.1996). The statute of limitations on § 1983 claims is two years. *See* 42 Pa. Cons.Stat. Ann. § 5524. Furthermore, "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Del. v. City of Phila.,* 142 F.3d 582, 599 (3d Cir.1998) (citation omitted). Plaintiff knew or should have known of his injuries arising out of these factual circumstances more than two years prior to filing this complaint in December 2021.